JEFFREY A. ROBINSON, State Bar No. 132262
jar@rrlawyers.com
CHARLES R. PATTERSON, State Bar No. 310656
cpatterson@rrlawyers.com
ROBINSON & ROBINSON, LLP
2301 Dupont Drive, Suite 530
Irvine, California 92612
Telephone:  (949) 752-7007
Facsimile:  (949) 752-7023
Attorneys for Defendants Brian Hoang;
Alec Dang

JEFFREY W. SHIELDS State Bar No. 109920
jeff@shieldslawoffices.com
Shields Law Offices
1920 Main Street, Suite 1080
Irvine, California 92614
Telephone:  (949) 724-7900
Facsimile:  (949) 724-7905
Attorneys for Defendant Jade Lotus Way, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LISA CUC NGUYEN, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BRIAN HOANG, an individual; ALEC DANG, an individual, and DOES 1-50,<br><br>          Defendants,<br><br>          -and-<br><br>JADE LOTUS WAY, INC, a California Corporation;<br><br>          Nominal Defendant. | CASE No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS BRIAN HOANG, ALEC DANG, JADE LOTUS WAY, INC.**<br><br>[FILED HEREWITH:<br>NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS,<br>CASE NO. Case No. 8:15-cv-01481-JVS(DFMx)] |

-1-
NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. § 1446(a) and all applicable local rules, Defendants Brian Hoang ("Hoang"), Alec Dang ("Dang"), and Jade Lotus Way, Inc. ("Jade Lotus Way") hereby invoke the jurisdiction granted pursuant to 28 U.S.C. § 1367(a) and remove to this Court the state court action described below.

1.    The state court action removed to this Court is: *Lisa Cuc Nguyen vs. Brian Hoang, an individual; Alec Dang, an individual;… Defendants and Jade Lotus Way, Inc., a California Corporation; Nominal Defendant*, pending in the Superior Court of the State of California, County of Orange, Case No. 30-2016-00873454-CU-MC-CJC ("State Court Action").

2.    The Complaint, Summons and Civil Cover Sheet in the State Court Action was filed on September 6, 2016.  Copies of the following documents filed in the State Court Action are attached hereto as the following exhibits: Complaint, Exhibit A; Civil Cover Sheet, Exhibit B; Summons, Exhibit C; Proof of Service, Exhibit D.

3.    The Summons and Complaint filed in the State Court Action were first served on Defendants Hoang on September 9, 2016, Dang and Jade Lotus Way on September 7, 2016.  See Proof of Service at Exhibit C.  This Notice of Removal is filed within thirty days of such service.

4.    This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1367(a) because the allegations of the State Court Action form part of the same case or controversy under Article III of the United States Constitution as (a) the claims of Plaintiff Jade Cosmetics Corp. dba Jade Global Cosmetics alleged against Hoang, Dang, and Jade Lotus Way now pending in this Court in *Jade Cosmetics Corp. v. Alec Dang; Brian Hoang, et al.*, in Case No. 8:15-CV-01481-JVS(DFMx); and (b) the counterclaims of Hoang, Dang, and Jade Lotus Way now pending against Lisa Cuc Nguyen and Jade Cosmetics Corp. in *Jade*

-2-
**NOTICE OF REMOVAL**

*Cosmetics Corp. v. Alec Dang; Brian Hoang, et al.*, in Case No. 8:15-CV-01481-JVS(DFMx) [collectively, the Previously Filed/Currently Pending Federal Court Action"].

5.     The claims of Plaintiff Lisa Cuc Nguyen in the State Court Action arise out of the same factual transactions and occurrences and share a common nucleus of operative fact with those in the Previously Filed/Currently Pending Federal Court Action.  The Complaint in the State Court Action involves the same events, parties, transactions and claims as those which have been litigated in the Previously Filed/Currently Pending Federal Court Action for over one year.  In particular, and without limitation:

a.     The claims in the State Court Action and the Previously Filed/Currently Pending Federal Court Action all involve the disputed formation, ownership, operation, of Jade Cosmetics Corp. and the authorized or unauthorized use of various federal trademarks registered to this corporation or persons affiliated with it, including Dang, Hoang, and Jade Lotus Way.

b.     Plaintiff Jade Cosmetics Corp., in the Previously Filed/Currently Pending Federal Court Action, alleges: (i) that Lisa Cuc Nguyen (Plaintiff in the State Court Action) is, and always has been, the sole officer, director, and shareholder of Jade Cosmetics Corp. (Plaintiff in the Previously Filed/Currently Pending Federal Court Action); (ii) that Hoang and Dang (Defendants and Counterclaimants Previously Filed/Currently Pending Federal Court Action) were never her partners; (iii) that Jade Cosmetics Corp. was not involved in any partnership with Hoang and Dang; (iv) that Hoang and Dang, together with various business entities constituting or related to Jade Lotus Way, wrongfully used various trademarks in violation of the Lanham Act, including 15 U.S.C. § 1114(1) [pertaining to trademark infringement], 15 U.S.C. § 1125(a) [pertaining to

**NOTICE OF REMOVAL**

false designation of origin], 15 U.S.C. § 1125(a) [pertaining to alleged trademark counterfeiting], all of which give rise to federal jurisdiction under 28 U.S.C. §§ 1332, 1121, and 1125; and 28 U.S.C. §§ 1331 and 1338(a); and that (v) Hoang and Dang, together with various business entities constituting or related to Jade Lotus Way, also wrongfully competed with Jade Cosmetics Corp. under California state law and common law, giving rise to federal jurisdiction substantial and related claims under 28 U.S.C. § 1338(b).

c.     Hoang and Dang, Defendants in the Previously Filed/Currently Pending Federal Court Action, and together with Jade Lotus Way, Counterclaimants in the Previously Filed/Currently Pending Federal Court Action, filed counterclaims against Lisa Cuc Nguyen (Plaintiff in the State Court Action) and Jade Cosmetics Corp. (Plaintiff in the Previously Filed/Currently Pending Federal Court Action), alleging: (i) that Jade Cosmetics Corp. had been formed as an entity through which a partnership would operate; (ii) that Hoang and Dang had been 50% partners with Lisa Cuc Nguyen in the formation and operation of the Jade Cosmetics business; (iii) that Lisa Cuc Nguyen breached her fiduciary duties by wrongfully denying their ownership interests and expelling Hoang and Dang from the business; (iv) that Hoang and Dang are entitled to continue the business through Jade Lotus Way after being wrongfully expelled; (v) that Lisa Cuc Nguyen and Jade Cosmetics Corp. are liable for breach of contract, conversion, declaratory relief, misappropriation of right of publicity, and slander; (vi) that the partnership was to be dissolved and an accounting conducted; and (vii) that there is federal court jurisdiction over all counterclaims under 28 U.S.C. §1367(a) because the counterclaims all form part of the same case and controversy under Article III of the United States Constitution as the claims of Jade Cosmetics Corp. in the complaint

**NOTICE OF REMOVAL**

in the Previously Filed/Currently Pending Federal Court Action.

          d.     The State Court Action derives from the same facts and transactions, and involves the same parties, as the Previously Filed/Currently Pending Federal Court Action.  The Plaintiff in the State Court Action, Lisa Cuc Nguyen, is a counterdefendant in the Previously Filed/Currently Pending Federal Court Action.  The Defendants in the State Court Action (Hoang, Dang, Jade Lotus Way) are all defendants or counterclaimants in the Previously Filed/Currently Pending Federal Court Action.  Plaintiff Nguyen alleges that Hoang and Dang are improperly operating Jade Lotus Way in violation of her alleged interests therein.  Plaintiff Nguyen also apparently alleges that because Hoang and Dang allege that they were her partners, albeit wrongfully expelled from the partnership, she is a purported shareholder of Jade Lotus Way, even though she denies the existence of the partnership. The same facts and circumstances, including but not limited to the respective rights of the parties in the business or businesses operated by Nguyen, Dang and Hoang, must be decided in both lawsuits.  Trying the State Court Action and the Previously Filed/Currently Pending Federal Action in different courts presents the risk of inconsistent findings and judgments. Both the Previously Filed/Currently Pending Federal Court Action and the State Court Action involve a common nucleus of operative fact.  Accordingly, there is federal jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1367(a).

6.    Because the State Court Action is closely related to the Previously Filed/Currently Pending Federal Court Action, removing parties are contemporaneously filing a Notice of Related Case.

7.    All of the named defendants in the State Court Action have joined in this removal.

**NOTICE OF REMOVAL**

8.     The United States District Court for the Central District of California is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. §§ 101 and 1441(a), since the State Court Action is currently pending in the Superior Court of the State of California, County of Orange.

WHEREFORE, Defendants Hoang, Dang, and Jade Lotus Way request that the State Court Action proceed in this Court as an action removed under 28 U.S.C. § 1446(a).

DATED:  October 7, 2016          ROBINSON & ROBINSON LLP


By:        /s/ Jeffrey A. Robinson
          Jeffrey A. Robinson, Esq.
          Charles R. Patterson, Esq.
          Attorneys for Defendants Brian Hoang;
          Alec Dang

DATED:  October 7, 2016          SHIELDS LAW OFFICES


By:        /s/ Jeffrey W. Shields
          Jeffrey W. Shields, Esq.
          Attorneys for Defendant
          Jade Lotus Way, Inc.

**NOTICE OF REMOVAL**

**EXHIBIT A**

LAW OFFICES OF MIKE N. VO, APLC
Mike N. Vo (SBN 216340)
17910 Skypark Circle, Suite 103
Irvine, California 92614
Telephone: 949-221-8238
Facsimile: 844-394-0129
Email: mvo@mikevolaw.com

Attorney for Plaintiff Lisa Cuc Nguyen

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/06/2016 at 04:41:49 PM
Clerk of the Superior Court
By Alan Silva, Deputy Clerk

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| LISA CUC NGUYEN, an individual; | CASE NO.   30-2016-00873454-CU-MC-CJC |
| Plaintiff, | Judge Mary Fingal Schulte |
| vs. | VERIFIED COMPLAINT FOR: |
| BRIAN HOANG, an individual; ALEC DANG, an individual; and DOES 1-50, inclusive, | 1. BREACH OF FIDUCIARY DUTY; |
| | 2. ABUSE OF CONTROL; |
| Defendants, | 3. GROSS MISMANAGEMENT; |
| - and - | 4. CORPORATE WASTE; |
| JADE LOTUS WAY, INC., a California Corporation; | 5. UNJUST ENRICHMENT; |
| | 6. DISSOLUTION AND ACCOUNTING; AND |
| Nominal Defendant. | 7. INJUNCTION |
| | [DEMAND FOR JURY TRIAL] |

Plaintiff Lisa C. Nguyen, ("Plaintiff"), derivatively on behalf of Jade Lotus Way, Inc., ("Company") brings this action against Defendants Brian Hoang ("Hoang") and Alec Dang ("Dang") (collectively referred to as "Defendants") for violations of California common law.

## SUMMARY OF THE ACTION

1.  Plaintiff brings this derivative action against the Board of Directors and Officers of Jade Lotus Way, Inc., for breaches of fiduciary duty arising out of Defendants' self-dealing through the establishment of competing business entities, misappropriation of Company funds, failure to keep and maintain accurate accounting and refusal to permit shareholder inspection of records.

2.  Officers of a corporation owe a fiduciary duty to the corporation. *See Jones v. H.F. Ahmanson & Co.* , (1969) 1 Cal.3d 93, 108-109; *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services* (2000) 83 Cal.App.4th 409, 419; *Burt v. Irvine Co.* (1965) 237 Cal.App.2d 828, 850 ("all corporate officers and directors owe the same fiduciary duty of good faith to the corporation and its stockholders"); *Daniel Orifice Fitting Co. v. Whalen* (1962) 198 Cal.App.2d 791, 794 (an officer who had participated in management was held to necessarily owe a fiduciary duty to that company).

3.  Here, Defendants Hoang and Dang, as Directors and Officers of Company, had a fiduciary duty to act in the best interests of Jade Lotus Way, Inc., and its shareholders. Jade Lotus Way, Inc., is a branded manufacturer and distributor of high-end cosmetic products and dietary supplements. Defendants had an obligation to refrain from self-dealing and setting up multiple competing businesses to market, advertise and sell similar cosmetics and dietary supplements as those offered by Company.

VERIFIED COMPLAINT

4.      Defendants owe Company both a duty of care and duty of loyalty.  The duty of care requires Defendants to act in a prudent manner and in the best interests of the Company. Defendants breached the duty of care and duty of loyalty by setting up competing entities to advance their personal financial interests.  The duty of loyalty requires Defendants to put the interests of the Company above their own personal pecuniary interests.  Defendants breached that duty by putting their own positions in the Company and the financial benefits they obtained from the Company above the interests of the Company itself.

5.      Defendants also breached their fiduciary duties by misappropriating hundreds of thousands of dollars from Company to the detriment of Company and its shareholders. Defendants were able to perpetrate this ongoing wrongful conduct by failing to maintain accurate accounting records consistent with GAAP.  Defendants have failed to maintain proper financial documents including profit/loss statements, balance sheet, cash flow statements, accounts payable and accounts receivable ledgers.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction of this dispute.  The amount in controversy, exclusive of interest and costs exceeds the jurisdictional minimum of this Court.

7.      Venue is proper in this Court.  A substantial part of the events or omissions giving rise to the claims allegedly occurred in Garden Grove, California, which is located within this jurisdiction.

**THE PARTIES**

8.      Plaintiff, Lisa C. Nguyen, is an individual and is now, and at all times mentioned in this Complaint was, a resident of the County of Orange, State of California.  At all times

3

**VERIFIED COMPLAINT**

mentioned in this Complaint, including the time of the transaction of which Plaintiff complains, Plaintiff is and was the owner of shares of stocks of Defendant Jade Lotus Way, Inc.

9.     Defendant Jade Lotus Way Inc., is a corporation organized and existing under the laws of the State of California on August 27, 2015, and has its principal place of business in the County of Orange, at 12609 Hoover Street, Garden Grove, California. Jade Lotus Way, Inc., is a nominal defendant in this action.

10.    Defendant Brian Hoang is an individual over the age of 18 and a resident of Orange County, California, and an officer and director of Defendant Jade Lotus Way, Inc.

11.    Defendant Alec Dang is an individual over the age of 18 and a resident of Orange County, California, and is an officer and director of Defendant Jade Lotus Way, Inc.

12.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff believes that each fictitiously sued defendant was in some way responsible for the acts alleged in the Complaint. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

13.    In or about August 27, 2015, Defendants Hoang and Dang incorporated Defendant Jade Lotus Way, Inc., for the purpose of continuing to carry what Defendants characterized as a business Partnership between Plaintiff and Defendants in the sale of cosmetics and dietary supplements. Plaintiff and Defendants had worked together in a previous company also selling cosmetics and dietary supplements.

14.    Defendants characterized the pre-incorporation Partnership as a 50/50 split between Plaintiff and Defendants and they (Defendants) wanted to continue as 50/50

4

VERIFIED COMPLAINT

shareholders in Jade Lotus Way, Inc.  Defendants knew that Plaintiff was a successful business woman and intended for her to help Defendants finance Jade Lotus Way, Inc.

15.     Defendants started Jade Lotus Way Inc., using monies and merchandise belonging to another business owned by Plaintiff.  The merchandise Defendants took from Plaintiff and offered for sale through the Company was valued in excess of $300,000.  Plaintiff's monies were intended to be used by Defendants as seed money for Jade Lotus Way Inc., for the purchase of additional merchandise and to provide working capital.  In exchange for Defendants' use of Plaintiff's seed monies and merchandise, Plaintiff would be 50/50 shareholder with Defendants in Jade Lotus Way Inc.

**Establishment of Competing Entities**

16.     Plaintiff is informed and believes and based thereon alleges that since the establishment of the Company, Defendants have engaged in self-dealing by setting up multiple competing businesses selling similar or virtually identical products to that offered by Company to the detriment of Defendant Jade Lotus Way Inc. and its shareholder including Plaintiff.

17.     In the one year since Jade Lotus Way Inc., was incorporated, Defendants have established the following known competing entities:

- Alec Dang dba Bihada USA
- Jade Lotus Way Inc. dba Jade Lotus
- Jade Lotus Way Inc. dba Lotus Eternity by Jade
- Jade Lotus Way Inc. dba Bihada World
- Jade Lotus Way Inc. dba Jade Lotus
- Jade Lotus Way Inc. dba Jade Lotus (separate dba filing)
- Jade Lotus Way Inc. dba JohnnyBrian World
- Jade Lotus Way Inc. dba Jade Cosmetics
- Alec Dang dba Lotus by Johnny Dzung
- Alec Dang dba Lotus Sakura
- Alec Dang dba Sakura Day
- Lotus Sakura Inc.

5

VERIFIED COMPLAINT

- Lotus Sakura Inc. dba Lotus by Johnny Dzung
- Lotus Sakura Inc. dba Lotus Sakura
- Lotus Sakura Inc. dba Sakura Day

These new competing companies were not discussed nor voted on at any meeting of shareholders nor approved by shareholders of Jade Lotus Way, Inc., including Plaintiff. Defendants unilaterally and without authority engaged in conduct that is averse to the interests of Company.

18.     Plaintiff is informed and believes and based thereon alleges that Defendants established these competing entities for the purpose of marketing, advertising and selling virtually identical cosmetics and dietary supplements as those offered by Company. Defendants' sales of these merchandise through alternate channels and platforms was not for the benefit of Company but intended for diverting lawful funds belonging to Company and thereby keep out of reach of its shareholders.

19.     Defendants Hoang and Dang, through their actions of establishing competing companies and selling virtually identical cosmetics and dietary supplements to those offered by Company, have diluted the Company's brand, marketing and value.

**Misappropriation of Corporate Funds**

20.     Plaintiff is informed and believes and based thereon alleges that since the incorporation of Jade Lotus Way Inc., Defendants have unlawfully misappropriated corporate funds by transferring hundreds of thousands of dollars from the Jade Lotus Way Inc., banking account to Defendants' personal bank accounts. These transfers were neither compensation for services Defendants rendered to Jade Lotus Way Inc., nor lawful distribution of dividends.

21.     Defendants have failed to hold any meeting of shareholders at which compensation of Directors and Officers and distribution of dividends could be voted on and

VERIFIED COMPLAINT

approved.  In the absence of such shareholder meeting, Defendants were not entitled to receive unlawful distributions and compensation payments.

22.     In addition to Defendants' unlawful withdrawal of Jade Lotus Way Inc.'s corporate funds to personal bank accounts, Defendants unlawfully deposited cash and checks from the sale of Jade Lotus Way Inc., merchandise directly into Defendants' personal bank accounts intending to bypass any accounting controls of the Company.  Defendants knew that by directly depositing funds belonging to Jade Lotus Way, Inc., directly into their bank accounts, the monies would not be accounted for on the Company's financial statements and would consequently lower any distribution of dividends to shareholders.

**Failure to Maintain Proper Accounting**

23.     Plaintiff is informed and believes and based thereon alleges that Defendants have failed to maintain proper accounting of inventories, accounts payable and accounts receivable thereby making it virtually impossible to prepare accurate financial statements and tax returns. The inability to prepare and maintain accurate financial statements is compounded by Defendants' wanton, reckless and unaccounted for withdrawal of Company funds and Defendants' unexplained deposits of Company cash and checks directly into Defendants' personal bank accounts.

24.     Defendants' commingling of business and private funds have harmed the Company and its shareholders making a proper evaluation of the financial status of the Company virtually impossible.

//

/

7

VERIFIED COMPLAINT

**Refusal to Permit Inspection of Corporate Records**

25.     Plaintiff, as a shareholder in Defendant Jade Lotus Way, Inc., is therefore compelled to bring this action for the benefit of defendant corporation in order to protect the rights of shareholders in the corporation.

26.     On or about July 7, 2016, Plaintiff made a written request to inspect Defendant Jade Lotus Way Inc., current financial statements (Corporations Code §1601(a)), list of shareholders (Corporations Code §1600(c)), minutes of corporate proceedings and Byelaws of the corporation. Defendants have denied Plaintiff the right of inspection.

27.     On or about August 30, 2016, Plaintiff delivered to Defendant corporation a copy of the proposed Complaint in this matter.

28.     If the Plaintiff is successful in the action, the recovery will be of substantial benefit to all shareholders of the corporation, and such action is necessary and proper to protect the interests of the corporation and its shareholders.

**Futility of Making Shareholder Demand**

29.     As a result of the facts alleged above, Plaintiff has not made any demand on the Board to institute this action against Defendants. Such demand is excused because making a demand would be futile and useless because the board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action, and because the wrongful conduct alleged herein is not subject to protection under the business judgment rule.

30.     Since Jade Lotus Way Inc., is a California corporation, any demand requirement is evaluated under California law.

VERIFIED COMPLAINT

31.     At the time this action was commenced, the Jade Lotus Way Inc. Board comprised of two directors:  Defendants Hoang and Dang.

32.     The Jade Lotus Way Inc., Board Members are incapable of independently and disinteresting consider a demand to commence and vigorously prosecute this action.

33.     Defendants Hoang and Dang have engaged in the complained of activities unrelated to legitimate company purposes and therefore they cannot reasonably be expected to take any shareholder demand seriously.  *See Reed v. Norman* (1957) 152 CA2d 892.

### A. Demand Would Be Futile Against Brian Hoang

34.     Defendant Hoang is incapable of considering a demand.  Hoang established Jade Lotus Way Inc., in August 2015 and has remained a Director and CEO since incorporation. Hoang is the life partner of the other remaining Director, Defendant Dang.  Hoang's professional and personal relationship to Dang creates a reasonable doubt as to Hoang's ability to independently and disinterestedly consider a demand on the Board to pursue the relief sought herein.

### B. Demand Would Be Futile Against Alec Dang

35.     Defendant Dang is incapable of considering a demand.  Dang helped establish Jade Lotus Way Inc., in August 2015 and has remained a Director and Officer since incorporation.  Dang is the life partner of the other remaining Director, Defendant Hoang. Dang's professional and personal relationship to Hoang creates a reasonable doubt as to Dang's ability to independently and disinterestedly consider a demand on the Board to pursue the relief sought herein.

9

**C. Demand By Plaintiff Is Futile And Therefore Excused Because The Board Is Unable To Conduct An Independent and Objective Investigation of Wrongful Conduct.**

36.     Demanding that the Board investigate and acts upon the wrongdoing alleged herein would be futile since the entire Board engaged in the wrongdoing alleged herein and all have interests adverse to performing a fair, unbiased investigation. These directors breached their fiduciary duties during the relevant period. The principal wrongdoers and beneficiaries of the wrongdoing, comprise the entire Board of Directors and, thus, the Board can neither exercise independent, objective judgment in deciding whether to bring this action, nor could it be expected to vigorously prosecute this action.

37.     The Directors Hoang and Dang cannot be relied upon to reach a truly independent decision of whether to commence the demanded action against themselves for the misconduct alleged in this Complaint because, among other things, the Board is currently comprised by the Defendants on the Board, who were personally and directly involved in the acts alleged herein and approved the actions complained of.

38.     Furthermore, demand is excused because the misconduct complained of herein was not, and could not have been, an exercise of good faith business judgment. Making a demand on the Board of Directors is excused if there is reasonable doubt that the challenged transactions were the product of a valid exercise of business judgment and, therefore, are entitled to the protection of the business judgment rule. To benefit from the protection of the business judgment rule, a director must be informed of all material information reasonably available and, being so informed, the director must act with requisite care in discharging his or her duties. To meet the standard of care, in light of the information the directors knew, they were obligated to

VERIFIED COMPLAINT

take actions in the best interests of the Company, to the exclusion of the director's personal pecuniary interest, and protect Company's assets, value and funds.

39.     Thus, because the Director Defendants engaged in acts of misconduct and wrongdoing, as described above, those acts were not the product of a valid exercise of business judgment and not entitled to protections of the business judgment rule. The directors failed to act to protect the interests and business assets of Jade Lotus Way, Inc. Failure to take such protections could not have been a valid exercise of business judgment. In addition, Defendants' misappropriation of corporate funds makes them incapable of making a disinterested decision about whether to pursue the claims asserted herein.

40.     Accordingly, demanding that the directors take action before this lawsuit was filed would have been futile and, therefore, the demand requirement is excused.

41.     Demand is futile where the entire Board of Directors cannot fairly and independently adjudicate potential claims against themselves. The Board has engaged and continues to engage in the wrongdoing alleged herein and has interests that are adverse to performing a fair, unbiased investigation.

## DERIVATIVE ALLEGATIONS

42.     Plaintiff brings this action derivatively in the right, and for the benefit, of Jade Lotus Way Inc., to redress injuries suffered to and to be suffered by the Company as a result of Defendants' breach of fiduciary duties, gross mismanagement, and waste of corporate assets.

43.     Plaintiff is the owner of Jade Lotus Way, Inc., stock, was the owner of Jade Lotus Way Inc., stock at all times relevant hereto, and has standing to bring this derivative action.

11

**VERIFIED COMPLAINT**

44.     At the time this derivative lawsuit was commenced, Plaintiff is informed and believes and based thereon alleges that Jade Lotus Way Inc.'s Board of Directors consists of Defendants Brian Hoang and Alec Dang.

## FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

**(Plaintiff v. Defendants Hoang and Dang)**

45.     Plaintiff incorporates by reference Paragraphs 1 through 44 of the Complaint as though fully restated herein.

46.     Defendants, as Jade Lotus Way Inc.'s Directors and Officers were and are required to use their abilities to control and manage Jade Lotus Way Inc. in a fair, just and equitable manner to ensure that Jade Lotus Way Inc. complies with applicable laws, to refrain from abusing their positions of control and not to favor their own interests at the expense of Jade Lotus Way Inc.

47.     By their actions alleged above, Defendants violated their fiduciary duties to Jade Lotus Way Inc., including without limitation, their duties of good faith, loyalty and due care.

48.     The wrongful conduct particularized herein was done in bad faith and/or reckless disregard of Jade Lotus Way Inc.'s rights and interests of its shareholders, without reasonable and ordinary care which they owed to Jade Lotus Way Inc.

49.     Defendants have participated in harming Jade Lotus Way Inc., and have breached fiduciary duties owed to the Company.  Defendants knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted other Defendants in the breach of their fiduciary duties.

12

50. As a result of Defendants' breach of fiduciary duties, Jade Lotus Way Inc. has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

51. The acts of Defendants named herein, and each of them, were done maliciously, oppressively, and with intent to defraud, and Plaintiff on behalf of Jade Lotus Way Inc., is entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

## SECOND CAUSE OF ACTION

## ABUSE OF CONTROL

### (Plaintiff v. Defendants Hoang and Dang)

52. Plaintiff incorporates by reference Paragraphs 1 through 51 of the Complaint as though fully restated herein.

53. By virtue of Defendants Hoang and Dang's positions and holdings in Jade Lotus Way Inc., Defendants exercised control over Company and its operations, and owed duties as controlling persons to Company not to use their positions of control within the Company for their own personal interests and contrary to the interests of Jade Lotus Way Inc.

54. Defendants' conduct amounts to an abuse of their control of Jade Lotus Way Inc., in violation of their obligations to Jade Lotus Way Inc. Defendants knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted the other defendant in their abuse of control.

55. As a result of Defendants' abuse of control, Jade Lotus Way Inc., has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## GROSS MISMANAGEMENT

### (Plaintiff v. Defendants Hoang and Dang)

56. Plaintiff incorporates by reference Paragraphs 1 through 56 of the Complaint as though fully restated herein.

57. By their actions alleged above, Defendants abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing Jade Lotus Way Inc.'s assets and business in a manner consistent with the operations of a well-managed entity.

58. As a result of the gross mismanagement, Jade Lotus Way Inc., has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

59. The acts of Defendants were done maliciously, oppressively, and with intent to defraud, and Plaintiff on behalf of Jade Lotus Way Inc. is entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## CORPORATE WASTE

### (Plaintiff v. Defendants Hoang and Dang)

60. Plaintiff incorporates by reference Paragraphs 1 through 59 of the Complaint as though fully restated herein.

61. By their actions alleged above, and by failing to consider the interests of Jade Lotus Way Inc., and its shareholders by failing to conduct proper supervision, Defendants have caused the Company to waste valuable corporate assets by paying improper compensation to Directors and Officers who breached their fiduciary duties and to incur hundreds of thousands of dollars of legal liability or legal costs to defend Defendants' unlawful actions.

VERIFIED COMPLAINT

62.     As a result of the waste of corporate assets, Jade Lotus Way Inc., has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

63.     The acts of Defendants named herein, and each of them, were done maliciously, oppressively, and with intent to defraud, and Plaintiff on behalf of Jade Lotus Way Inc. is entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (Plaintiff v. Defendants Hoang and Dang)

64.     Plaintiff incorporates by reference Paragraphs 1 through 63 of the Complaint as though fully restated herein.

65.     Defendants derived compensation and other benefits from Jade Lotus Way Inc., and were otherwise unjustly enriched during the time in which the wrongful practices occurred, to the detriment of Jade Lotus Way, Inc.  Defendants profited by engaging in the wrongful conduct set forth above.  Defendants also wrongfully converted funds belonging to Jade Lotus Way Inc.

66.     Defendants' enrichment is directly and causally related to the detriment of Jade Lotus Way Inc.

67.     These benefits were accepted by Defendants under such circumstances that it would be inequitable for it to be retained without payment.  As alleged above, Defendants breached their fiduciary duties and abused their positions of control of Jade Lotus Way Inc., and therefore Defendants are not justified to retain the benefits conferred upon them.  Defendants have unjustly lined their pockets and profited from Defendants' unlawful activities.

VERIFIED COMPLAINT

# SEVENTH CAUSE OF ACTION

## DISSOLUTION AND ACCOUNTING

### (Plaintiff v. Defendants Hoang, Dang and Jade Lotus Way Inc.)

68.     Plaintiff incorporates by reference Paragraphs 1 through 67 of the Complaint as though fully restated herein.

69.     By reasons of the foregoing, Plaintiff is entitled to a dissolution of Jade Lotus Way Inc., because Defendants Hoang and Dang have engaged in: (1) improper seal dealing; (2) anti-competitive practices that are harmful to Jade Lotus Way Inc.; (3) misappropriation of funds belonging to Jade Lotus Way Inc.; and (4) failure to maintain proper accounting.  These activities make it impractical and unreasonable to continue carrying a business with Defendants.

70.     Defendants are in the possession of the corporate records, books and financial statements of Jade Lotus Way Inc., and have denied Plaintiff's request for inspection.  The true amount of assets and liabilities of Jade Lotus Way Inc., are unknown to Plaintiff and cannot be determined without an accounting of profits and losses that occurred during the operation of Jade Lotus Way Inc. since August 27, 2015.

# EIGHTH CAUSE OF ACTION

## INJUNCTION

### (Plaintiff v. Defendants Hoang and Dang)

71.     Plaintiff incorporates by reference Paragraphs 1 through 70 of the Complaint as though fully restated herein.

72.     On July 7, 2016, Plaintiff's attorney notified Defendants of Plaintiff's request to inspect Jade Lotus Way Inc.'s corporate records and financial records.  Plaintiff's request was denied.

16

VERIFIED COMPLAINT

73. As a result of Defendants' continuing and ongoing improper transfer of funds between Company banking account and Defendants' personal account, and Defendants unlawful direct deposit of Company funds from merchandise sold, Jade Lotus Way Inc., will be irreparably harmed absent an injunction to stop Defendant Hoang and Dang's improper financial activities.

WHEREFORE, Plaintiff, on behalf of herself and Jade Lotus Way Inc., demands judgment against Defendants for the following:

1. Compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial;

2. Restitution, disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged herein;

3. Temporary and permanent injunction against further commingling and improper financial transaction as described in this Complaint;

4. Punitive damages at the maximum amount permitted by law;

5. Pre-judgment interest, as well as reasonable attorney's fees and costs;

6. Any other and further relief that the court deems proper.

Dated: August 30, 2016                      THE LAW OFFICES OF MIKE N. VO

                                            By: _____
                                            Mike N. Vo
                                            Attorney for Plaintiff Lisa Nguyen

VERIFIED COMPLAINT

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues which are subject to adjudication by a trier of fact.


Dated:  August 30, 2016                    THE LAW OFFICES OF MIKE N. VO


                                           By: _____
                                               Mike N. Vo
                                               Attorney for Plaintiff Lisa Nguyen

VERIFIED COMPLAINT

## VERIFICATION

I am the Plaintiff in this action.  I have read the foregoing Complaint and it is true of my own knowledge, except as to those matters stated on information and belief, and as to those matter, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE AND PLACE:        August 30, 2016, at Irvine, CA

SIGNATURE:

Lisa C. Nguyen

19

**VERIFIED COMPLAINT**

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Mike N. Vo
Law Offices of Mike N. Vo, APLC
17910 Skypark Circle, Suite 103
Irvine, CA 92614

TELEPHONE NO.: 949-221-8238    FAX NO.: 844-394-0129

ATTORNEY FOR *(Name):* Plaintiff Lisa Cuc Nguyen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/06/2016** at 04:41:49 PM

Clerk of the Superior Court
By Alan Silva, Deputy Clerk

CASE NAME:
NGUYEN v. HOANG, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2016-00873454-CU-MC-CJC |

JUDGE: Judge Mary Fingal Schulte
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 9/7/16

Mike N. Vo
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**EXHIBIT C**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BRIAN HOANG, an individual;ALEC DANG,an individual;DOES
1-50, inclusive and JADE LOTUS WAY INC., a California Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA CUC NGUYEN, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/06/2016** at 04:41:49 PM
Clerk of the Superior Court
By Alan Silva,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER 700 Civic Center Dr. West, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2016-00873454-CU-MC-CJC |
|---|---|

Judge Mary Fingal Schulte

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mike N. Vo,Law Offices of Mike N. Vo,APLC,17910 Skypark Cir.,Ste.103,Irvine, CA 92614, (949)221-8238

| DATE: *(Fecha):* 09/06/2016 | ALAN CARLSON, Clerk of the Court | Clerk, by *(Secretario)* | Ala Silv | , Deputy *(Adjunto)* |
|---|---|---|---|---|

Alan Silva

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant. Alec Dang.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JADE LOTUS WAY, Inc., a California corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BRIAN HOANG, an individual;ALEC DANG,an individual;DOES
1-50, inclusive and JADE LOTUS WAY INC., a California Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA CUC NGUYEN, an individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/06/2016** at 04:41:49 PM
Clerk of the Superior Court
By Alan Silva,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER
700 Civic Center Dr. West, Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2016-00873454-CU-MC-CJC

Judge Mary Fingal Schulte

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mike N. Vo,Law Offices of Mike N. Vo,APLC,17910 Skypark Cir.,Ste.103,Irvine, CA 92614, (949)221-8238

DATE: 09/06/2016         ALAN CARLSON, Clerk of the Court       Clerk, by _____, Deputy
*(Fecha)*                                                       *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*      Alan Silva

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓]  as an individual defendant. Brian Hoang.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BRIAN HOANG, an individual;ALEC DANG,an individual;DOES
1-50, inclusive and JADE LOTUS WAY INC., a California Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA CUC NGUYEN, an individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/06/2016** at 04:41:49 PM
Clerk of the Superior Court
By Alan Silva,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

　You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

　There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

　*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

　*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

　*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales: AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER
700 Civic Center Dr. West, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2016-00873464-CU-MC-CJC

Judge Mary Fingal Schulte

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mike N. Vo,Law Offices of Mike N. Vo,APLC,17910 Skypark Cir.,Ste.103,Irvine, CA 92614, (949)221-8238

DATE: 09/06/2016 　ALAN CARLSON, Clerk of the Court　Clerk, by _____ , Deputy
*(Fecha)*　　　　　　　　　　　　　　　　　　　　　　*(Secretario)*　　　　　　　　　　　　　*(Adjunto)*

Alan Silva

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant. Alec Dang.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)　　　　　　[ ] CCP 416.60 (minor)
　　　　[ ] CCP 416.20 (defunct corporation)　　　[ ] CCP 416.70 (conservatee)
　　　　[ ] CCP 416.40 (association or partnership)　[ ] CCP 416.90 (authorized person)
　　　　[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT D**

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| MIKE N. VO, ESQ., Bar #216340<br>THE LAW OFFICES OF MIKE N. VO<br>15355 BROOKHURST STREET<br>SUITE 202<br>WESTMINSTER, CA 92683 | | |

Telephone No: (714) 455-9076    FAX No: (714) 531-1494

| | Ref. No. or File No.: |
|---|---|
| Attorney for: Plaintiff | |

Insert name of Court, and Judicial District and Branch Court:

ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: LISA CUC NGUYEN

Defendant: JADE LOTUS WAY, INC.

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | 30-2016-00873454-CU-MC-CJC |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET.

3. a. Party served:    JADE LOTUS WAY, INC., a California Corporation
   b. Person served:   BRIAN HOANG, OWNER/AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:    12609 HOOVER STREET
   GARDEN GROVE, CA 92841

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Sep. 07, 2016 (2) at: 2:30PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  JADE LOTUS WAY, INC., a California Corporation
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                               Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. PAUL FLYNN                                d. **The Fee** for Service was:    $65.45

   **First Legal**
   600 W. Santa Ana Boulevard, Suite 101
   Santa Ana, CA 92701
   Telephone    (714) 541-1110
   FAX          (714) 541-8182
   www.firstlegalnetwork.com

   e. I am: (3) registered California process server
      (i)    Independent Contractor
      (ii)   Registration No.:    PCS 2564
      (iii)  County:              Orange
      (iv)   Expiration Date:     Sun, Mar. 12, 2017

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date:  Thu, Sep. 08, 2016

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| MIKE N. VO, ESQ., Bar #216340<br>THE LAW OFFICES OF MIKE N. VO<br>15355 BROOKHURST STREET<br>SUITE 202<br>WESTMINSTER, CA 92683 | |

Telephone No: (714) 455-9076     FAX No: (714) 531-1494

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: LISA CUC NGUYEN

Defendant: JADE LOTUS WAY, INC.

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | 30-2016-00873454-CU-MC-CJC |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET.

3. *a. Party served:*       BRIAN HOANG, an individual
   *b. Person served:*      party in item 3. a.

4. *Address where the party was served:*       12609 HOOVER STREET
                                                GARDEN GROVE, CA 92841

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
      process for the party (1) on: Wed., Sep. 07, 2016 (2) at: 2:30PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   . a. as an individual defendant

7. *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. PAUL FLYNN                              d. *The Fee for Service was:*   $30.00

   600 W. Santa Ana Boulevard, Suite 101     e. I am: (3) registered California process server
                        Santa Ana, CA 92701                          *(i)*   Independent Contractor
                        Telephone     (714) 541-1110                 *(ii)*  *Registration No.:*   PCS 2564
                        FAX           (714) 541-8182                 *(iii)* *County:*             Orange
                        www.firstlegalnetwork.com                    *(iv)*  *Expiration Date:*    Sun, Mar. 12, 2017

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:  Thu, Sep. 08, 2016

Judicial Council Form POS-010           PROOF OF SERVICE                        (PAUL FLYNN)
Rule 2.150.(a)&(b) Rev January 1, 2007                                                       1066487  .mikvo.837596

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| MIKE N. VO, ESQ., Bar #216340<br>THE LAW OFFICES OF MIKE N. VO, APLC<br>17910 SKYPARK CIRCLE<br>SUITE 103<br>IRVINE, CA 92614<br>Telephone No: (949) 221-8238    FAX No: (714) 531-1494 | |

| Attorney for: Plaintiff | Ref. No. or File No.: | |
|---|---|---|

Insert name of Court, and Judicial District and Branch Court:

ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: LISA CUC NGUYEN, an individual

Defendant: BRIAN HOANG, ETC., et al.

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| | | | | 30-2016-00873454-CU-MC-CJC |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; VERIFIED COMPLAINT; CIVIL CASE COVER SHEET.

| *3. a. Party served:*<br>*b. Person served:* | ALEC DANG, an individual<br>party in item 3. a. |
|---|---|

| *4. Address where the party was served:* | 12609 Hoover Street<br>GARDEN GROVE, CA 92841 |
|---|---|

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Sep. 09, 2016 (2) at: 1:11PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

*7. **Person Who Served Papers:***
   a. PAUL FLYNN

                   Recoverable Cost Per CCP 1033.5(a)(4)(B)

   d. *The Fee for Service was:* $170.76

**First Legal**

600 W. Santa Ana Boulevard, Suite 101
Santa Ana, CA 92701
Telephone   (714) 541-1110
FAX        (714) 541-8182
www.firstlegalnetwork.com

e. I am: (3) registered California process server
    *(i)*   Independent Contractor
    *(ii)*  *Registration No.:*  PCS 2564
    *(iii)* *County:*       Orange
    *(iv)* *Expiration Date:*  Sun, Mar. 12, 2017

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* **Fri, Sep. 09, 2016**

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE

(PAUL FLYNN)

11066477;v.mikvo.837865

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

   I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is **2301 Dupont Drive, Suite 530, Irvine, CA 92612.**

   On October 7, 2016 I served the documents described as **NOTICE OF REMOVAL OF ACTION BY DEFENDANTS BRIAN HOANG, ALEC DANG, JADE LOTUS WAY, INC.** on interested parties in this action, listed below as follows:

Mike N Vo, Esq.
([mvo@mikevolaw.com](mvo@mikevolaw.com))
Law Offices of Mike N Vo
17910 Skypark Circle, Suite 103
Irvine, CA 92626
*Attorneys for Plaintiff Lisa Cuc Nguyen*
*By Mail*

**[X]** I caused the above documents to be submitted to the Court for filing and electronic service through the CM/ECF System in accordance with Local Rule 5-3.3 and General Orders 08-02.

**[X](BY MAIL)[C.C.P. § 1013(a)(1)Person Depositing In Mail]** On October 7, 2016 I deposited such envelope in the mail at **Irvine, California**.  The envelope was mailed with postage thereon fully prepaid.

**[X] (FEDERAL)** I certify and declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 7, 2016.

     /s/ Barbie Dawson
     Barbie Dawson

**NOTICE OF REMOVAL**